1

2

3

4

5

6

7

8                      **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  JOHN RANDOLPH EPPS,                        CASE NO. CV-F-05-1100 LJO DLB P

12                      Plaintiff,            _____ ORDER DISMISSING
                                             COMPLAINT, WITH LEAVE TO
13            vs.                             AMEND

14  KATHY MENDOZA-POWERS, et al.,

15                      Defendants.

16  _____/

17  I.        Screening Order

18            A.        Screening Requirement

19            Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. §

20  1983.  Pending before the court is plaintiff's complaint filed August 29, 2005.

21            The court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court

23  must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

24  or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

25  from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26            A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

27  relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

28  claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

                                             1

1   citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

2   Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

3   accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

4   425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

5   all doubts in the plaintiff's favor.   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

6          B.      Summary of Plaintiff's Complaint

7          The events at issue in this action allegedly occurred at Avenal State Prison, where plaintiff was

8   formerly incarcerated.    Plaintiff names Warden Mendoza-Powers; Deputy District Attorney J.

9   Williamson; Lieutenant R. Knudsen; Lieutenant Lambert; Sergeant Salcido Sacramento County District

10  Attorney J. Scully; and former Director J. Woodford as defendants.

11         Plaintiff alleges that on November 23, 2004, he was interviewed by Sergeant Salcido and given

12  a CDC 128B Counseling Chrono stating that plaintiff was not to contact the Sacramento District

13  Attorney's Office "via a 3-way call."  Plaintiff was told that if he continued to call, he would be charged

14  with felony terrorist threat and given a two-year SHU term.  Plaintiff claims the CDC 128B form was

15  signed by defendant Lambert at the request of defendant Knudsen.  Plaintiff claims the CDC 128 B arose

16  from an unsubstantiated report and memo generated by defendant Knudsen.  Plaintiff contends his due

17  process rights were violated.

18         C.      Plaintiff's Claims

19         The Due Process Clause protects prisoners from being deprived of life, liberty, or property

20  without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause

21  of action for deprivation of procedural due process, a plaintiff must first establish the existence of a

22  liberty interest for which the protection is sought.  The Due Process Clause itself does not confer on

23  inmates a liberty interest in being confined in the general prison population instead of segregation.  See

24  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme

25  Court abandoned earlier case law which had held that states created protectable liberty interests by way

26  of mandatory language in prison regulations.  Id. at 481-84.  Instead, the Court adopted an approach in

27  which the existence of a liberty interest is determined by focusing on the nature of the deprivation.  Id.

28  In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from

1  restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary

2  incidents of prison life." Id. at 484.

3      While plaintiff claims that his due process right were violated, he has failed to establish the

4  existence of a liberty interest for which the protection is sought.  He does not state what happened to him

5  as a result of the CDC 128B only that the report was unfounded.  Plaintiff's allegations that the CDC

6  128B was based on an unsubstantiated report, without more, does not state give rise to a claim for relief

7  under section 1983 for violation of the Due Process Clause.  Without further detail, the Court is unable

8  to determine whether plaintiff states a cognizable due process claim.  In addition, as noted, only a

9  deprivation which "imposes atypical and significant hardship on the inmate in relation to the ordinary

10  incidents of prison life" will give rise to a due process claim.

11      In addition, plaintiff has failed to link defendants Mendoza-Powers, Williamson, Sculley or

12  Woodford to any conduct described in the complaint.  The Civil Rights Act under which this action was

13  filed provides:

14      Every person who, under color of [state law] . . . subjects, or causes to be
        subjected, any citizen of the United States . . . to the deprivation of any
15      rights, privileges, or immunities secured by the Constitution . . . shall be
        liable to the party injured in an action at law, suit in equity, or other
16      proper proceeding for redress.  42 U.S.C. § 1983.

17  The statute plainly requires that there be an actual connection or link between the actions of the

18  defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of

19  Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held

20  that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of

21  section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

22  an act which he is legally required to do that causes the deprivation of which complaint is made."

23  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section

24  1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates

25  a violation of plaintiff's federal rights.

26      Further, supervisory personnel such as defendants Mendoza-Powers and Woodford are generally

27  not liable under section 1983 for the actions of their employees under a theory of respondeat superior

28  and, therefore, when a named defendant holds a supervisorial position, the causal link between him and

3

1  the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858,

2  862 (9th Cir. 1979);  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941

3  (1979).  To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that

4  supervisory defendants either: personally participated in the alleged deprivation of constitutional rights;

5  knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so

6  deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

7  constitutional violation.'"   Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)(internal citations

8  omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are

9  broad, some facts must be alleged to support claims under Section 1983.  See Leatherman v. Tarrant

10  County Narcotics Unit, 507 U.S. 163, 168 (1993).

11      Finally, prosecutors are absolutely immune from civil suits for damages under section 1983

12  which challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v.

13  Pachtman, 424 U.S. 409 (1976).  To the extent plaintiff's allegations relate to the district attorney's

14  actions in performing functions intimately associated with the judicial phase of the criminal process,

15  plaintiff's claims are not cognizable based on prosecutorial immunity. Id.; see Stevens v. Rifkin, 608

16  F.Supp. 710, 728 (N.D. Cal. 1984); 28 U.S.C. § 1915A(b)(2).

17      D.   Conclusion

18      The court finds that plaintiff's complaint fails to state any claims upon which relief may be

19  granted.  The court will provide plaintiff with the opportunity to file an amended complaint curing the

20  deficiencies identified by the court in this order.  Plaintiff should carefully review this order and the legal

21  standards provided, and amend only those claims that plaintiff believes in good faith are cognizable.

22      Plaintiff is informed he must demonstrate in his complaint how the conditions complained of

23  have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th

24  Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There

25  can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between

26  a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

27  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

28      Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

4

complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend;

2.     The Clerk's Office shall send plaintiff a civil rights complaint form;

3.     Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4.     If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

**Dated:**   **February 26, 2008**                        _____**/s/ Dennis L. Beck**_____
                                                                    UNITED STATES MAGISTRATE JUDGE

5