IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EPPS, | CASE NO. CV-F-05-1100 LJO DLB P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| vs. | [Doc. 19] |
| MENDOZA-POWERS, et al., | |
| Defendants. / | |

On March 23, 2007, plaintiff filed a motion for reconsideration of the Court's March 8, 2006 order denying his motion for the appointment of counsel.

To succeed on a motion for reconsideration, a party generally must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Cf. Fed. R. Civ. Pro. 60 (governing motions for reconsideration of final orders and judgments); Local Rule 78-230(k) (governing motions for reconsideration of orders resolving motions). Plaintiff requests reconsideration due to the "complexities" of his case.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert.

denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'"  Id.  When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff has failed to set forth any new or different facts or circumstances warranting reconsideration of the prior order denying plaintiff's request for appointment of counsel.  The court is mindful that plaintiff is untrained and unskilled in the law.  However, as plaintiff was previously advised, district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989) and only in  exceptional circumstances which the court does not find here, will the court request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

Based on the foregoing, plaintiff's motion for reconsideration of the court's order denying his motion for appointment of counsel,  is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 18, 2008**               /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE